CLAUS H. BONGE, APPELLANT, v. VILLAGE OF WINNETOON, APPELLEE.

FILED NOVEMBER 14, 1911. No. 16,546.

Eminent Domain: ACTION FOR DAMAGES: PLEADING. Upon examination of the petition, it is found that a general demurrer thereto was properly sustained.

APPEAL from the district court for Knox county: ANSON A. WELCH, JUDGE. Affirmed.

*J. H. Berryman* and *Calvin Keller*, for appellant.

*O. W. Rice* and *W. A. Meserve*, contra.

SEDGWICK, J.

In the district court a general demurrer was filed to the plaintiff's petition, which was sustained by the court, and, the plaintiff not desiring to plead further, the action was dismissed, and he has appealed.

In his brief the plaintiff gives the following summary of his petition: "The petition alleges that the defendant, without plaintiff's consent, and against his will, in the fall of 1908, negligently, unlawfully, and wrongfully erected a standpipe of iron and steel, about 75 feet high, with a capacity of about 1,000 barrels of water, near plaintiff's lots, and about 25 feet from his dwelling-house, by reason whereof his tenant refused to live in the house, and plaintiff thereby lost $24 rent; that immediately before the erection of said standpipe said lots were worth $125 each, and that the erection of said standpipe was so dangerous to life and property that its existence in that place rendered said lots practically worthless; that the defendant removed said dwelling-house to another location on one of the said lots, and by such removal damaged it in the sum of $300 and plaintiff was damaged in the aggregate in the amount of $700." There is also an allegation in the petition that the plaintiff's property

consists of "five residence lots of about 50 feet frontage and about 150 feet deep, and said lots are so situated and located that they are desirable and valuable for residence purposes." -

The plaintiff contends that he is entitled to damages under section 21, art. I of the constitution: "The property of no person shall be taken or damaged for public use without just compensation therefor." The words negligently, unlawfully, and wrongfully have no place in the petition. There are no facts alleged tending to show that the village authorities were in any respect negligent in erecting the standpipe complained of. To furnish the village and its inhabitants with water for public use and fire protection is a laudable purpose on the part of the village, and it will be presumed that the standpipe in question was properly constructed and suitable to the purpose, unless facts are alleged which show the contrary. No objection is made to the petition in the defendant's brief on account of these allegations, and we think that the pleadings should be treated as though they alleged that the standpipe in question was a public necessity and was properly constructed.

There are two questions, perhaps, presented by this demurrer: First, Is a village liable for damages that may be caused to property by the location of a structure of this kind in close proximity thereto? Second, Does the petition sufficiently allege that the plaintiff's property has been damaged?

The first question is not much discussed in the briefs. No authorities in point are cited. There are so many interesting and difficult questions connected with it that we prefer to place our decision upon the second proposition. The petition alleges that the plaintiff's "tenant refused to live in the house, and plaintiff thereby lost $24 rent." No facts are stated from which it can be determined whether the tenant had any sufficient reason for refusing to live in the house. This is not an allegation that the house became untenantable; that people in gen-

eral would refuse to live in the house. It is rather an allegation of whim or peculiarity on the part of this particular tenant. Again, it is alleged that "the erection of said standpipe was so dangerous to life and property that its existence in that place rendered said lots practically worthless." This is not a direct allegation that it was dangerous at all; it is a recital that it was "so dangerous." And, again, there are no allegations of fact from which it could be determined that this improvement created any conditions that rendered it in fact dangerous to life and property. How it did or could endanger either is a matter of conjecture, so far as the allegations of this petition go.

The plaintiff, for a second cause of action, alleged that the city authorities had removed the residence from one of the lots to another lot more distant from the standpipe. No facts are alleged tending to show that this was a proper and necessary part of the construction of the improvement by the city authorities. It appears to be an attempt to allege a simple trespass on the part of the officers. In such case the municipality would not be liable for the wrongful acts of its agents.

The demurrer to the petition was properly sustained, and the judgment is

AFFIRMED.